IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

|  |  |  |
|---|---|---|
| OLEKSII V., [1] | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-012 |
| | § | |
| KRISTI NOEM, *et al.,* | § | |
| *in their official capacities*, | § | |
|     Respondents. | § | |

### REPORT AND RECOMMENDATION
### TO GRANT PETITIONER'S HABEAS PETITION

Before the Court is Petitioner's "Petition for a Writ of Habeas Corpus" (Dkt. No. 13) ("Petition") and Respondents' "Response to Petition for Writ of Habeas Corpus Motion to Dismiss or Alternatively, Motion for Summary Judgment" (Dkt. No. 20) ("MTD"). Because Petitioner has established that there is not a significant likelihood of his removal in the reasonably foreseeable future, *see Zadvydas v. Davis*, 533 U.S. 678, 701 (2001),[2] it is recommended that the Court (1) **GRANT** the Petition (Dkt. No. 13), (2) **DENY** the MTD (Dkt. No. 20), (3) **DENY** Petitioner's various Motions (Dkt. Nos. 14, 20, 27, 29) as moot, (4) **ORDER** Respondent to release Petitioner subject to supervision and provide a status update verifying such release, and (5) **DIRECT** the Clerk of Court to close this case once that status update has been provided to the Court.

To gain relief under *Zadvydas*, a petitioner must "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which "the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. For the reviewing habeas court, the point of this inquiry is to assess how long "detention" can remain "reasonably necessary to secure removal" and

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Given that this is a sufficient basis for habeas relief, it is unnecessary for this report to make recommendations on Petitioner's other claims. *See* Dkt. Nos. 13, 17, 18, 24 and 26.

1

advance the "statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. If, as the petitioner aims to establish, "removal is not reasonably foreseeable," *id.*, detention is no longer "reasonably necessary" for removal; the detention, having lost its "reasonable relation" to its statutory "purpose," *id.* at 690, is no longer authorized under § 1231, *id.* at 699; and the petitioner should be released, *see id.* at 700.

While announcing a particular standard for the petitioner's claim for release—*i.e.*, "no significant likelihood of removal in the reasonably foreseeable future"—*Zadvydas* also offered guidance for applying that standard. *Id.* at 701. *Zadvydas* saw, in "indefinite detention," a "serious constitutional problem," *id.* at 690, and it effectively limited the chance that its standard would allow for such detention through two principles relevant to this report, *id.* at 701-02. First, the Court emphasized that the government's good faith efforts to remove a petitioner are not, in themselves, sufficient to establish a significant likelihood of removal. *See id.* at 702. To depend so heavily on such a fact would, in the Court's description, effectively concede to an altogether different standard—one that would "require an alien seeking release to show the absence of *any* prospect of removal…which demands more than our reading of the statute can bear." *Id.* Second, the "reasonably foreseeable future," the window in which petitioner must show removal is not significantly likely, is held to "shrink" the longer petitioner is detained. *Id.* at 701. Time, in this sense, continuously eases petitioner's burden, and "reasonably foreseeable" increasingly means something like imminent. *Id*. The *Zadvydas* inquiry, then, functionally turns more suspicious of detention as it goes on—even if the government is vigorously pursuing the detainee's removal, *see id.* at 702, and even as removal may remain technically plausible, *see id.* at 701.

Petitioner has provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Petitioner's order of removal became final on November 20, 2025, around seven months ago. Dkt. No. 20 at 2. Petitioner, a Ukrainian national, Dkt. No. 13 at 9, is not able to return to Ukraine. Dkt. No. 28 at 2. To be removed, Respondents will first have to identify an alternative country to which they will remove him, which they have, per their last status update, failed to do over a period of over half a

year. *Id.*

Respondents do not successfully rebut this showing.[3] Factually, they have not reassured this Court that removal is imminent: they have only said, in March, that they hoped to "schedule a charter flight for Petitioner within the next two months" (a window which has passed), Dkt. No. 20 at 5, and that they are "working diligently to effectuate Petitioner's removal" by "trying to obtain a travel document for Petitioner so that he can be removed to Russia or a third country," Dkt. No. 28 at 1-2. And legally, their attempts to identify a basis for continued detention is futile: they have conceded that the removal period under § 1231(a)(1) has expired, Dkt. No. 20 at 6-7 ("Petitioner is lawfully subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(6)"), which means that the removal period *extension* provision in §1231(a)(1)(C) is inapplicable to Petitioner's detention.

It is thus recommended that the Court (1) **GRANT** the Petition (Dkt. No. 13), (2) **DENY** the MTD (Dkt. No. 20), (3) **DENY** Petitioner's various Motions (Dkt. Nos. 14, 20, 27, 29) as moot, (4) **ORDER** Respondent to release Petitioner subject to supervision and provide a status update verifying such release, and (5) **DIRECT** the Clerk of Court to close this case once that status update has been provided to the Court.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir.

---

[3] In a Status Report filed May 18, 2026, the Government confirms no progress on any removal of Petitioner but also seem to allude that Petitioner is not cooperating in his removal pursuant to 8 U.S.C. § 1231(a)(1)(C). Dkt. No. 28. 8 U.S.C. § 1231(a)(1)(C) extends the removal period for noncooperation for removal when "the alien fails or refuses to make a timely application in good faith for travel or other documents necessary to the alien's departure." The evidence presented by the Government is that Petitioner refused to sign the document notifying him of the consequences of non-compliance, not that he is not complying. *Id.* at pp. 3-6. Therefore, this Court finds the Government's argument does not apply under 8 U.S.C. § 1231(a)(1)(C) as they present no evidence Petitioner is not complying with his removal. In fact, the Government's own evidence indicates on April 29, 2026, Petitioner willing participated in an interview regarding his detention status and appears to show compliance with potential countries for removal. *Id.* at pp. 7-9.

1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 30, 2026.

Karen Betancourt
United States Magistrate Judge

4